## McMEKIN vs. RICHARDS et al.

On all the facts apparent in the record, there was no abuse of discrecretion in denying the injunction, whether the chancellor correctly construed the deed in question or not.

May 4, 1888.

New trial. Before Judge LUMPKIN. Wilkes county. At chambers, January 31, 1888.

Complainant's bill made the following case: That he had bargained for a tract of land with Richards, had paid him one-fourth of the purchase money and given him negotiable promissory notes for the balance; that he has since learned that Richard's title is defective in this, that the land is a portion of the tract conveyed by S. C. Ellington to Mrs. L. A. Anderson, wife of T. L. Anderson, and the children of T. L. Anderson, who is long since dead; that, according to complainant's construction of that deed, (which is attached as an exhibit, and on which the whole case turns,) Mrs. Anderson got only a one-fifth interest for life and the children, being four in number, four-fifths interest in fee and the other fifth in remainder; that Mrs. Anderson had deeded her interest to Richards, (describing it as an estate for life in the whole land) and a duly constituted guardian for the children, under a regular order of the court of ordinary, had conveyed to him all of the remainder interest of the minors, which Richards claimed to be a conveyance of the entire fee; and that Richards is insolvent, and will, unless restrained, negotiate the notes. Richards and the guardian were made parties to the bill, but only Richards answered, simply setting up that he had title; and the cause, being an application for temporary injunction, was tried on the bill and answer.

Ellington's conveyance bears date December 22, 1875,

and is to " L. Augusta Anderson (during her natural life) and the children of said T. L. Anderson now born and who may be born to him, their heirs and assigns." The *habendum* clause is,

"To have and to hold the aforesaid tract unto them, the said L. Augusta Anderson, wife of said T. L. Anderson, during her natural life, and the children of said T. L. Anderson now born and who may be born to him, their heirs and assigns, . . . and to their proper use and benefit and behoof forever, in fee simple."

The warranty is " unto said L. Augusta Anderson during her natural life, and the children of T. L. Anderson now born and who may be born to him."

The court refused the injunction prayed for, and the complainant excepted.

WM. WYNNE and W. L. PHILLIPS, by brief, for plaintiff in error.

S. H. HARDEMAN, *contra.*

BLECKLEY, Chief Justice.

We are clear that the chancellor did not abuse his discretion in denying this injunction, whether his construction of the deed in question be correct or not. In addition to the facts appearing in the official report, the record shows that the deed from Mrs. Anderson to Richards, the deed from the guardian of the children to Richards, the bond for titles from Richards to McMekin, and the notes from McMekin to Richards all bear date the 15th of November, 1887; that the deed from Mrs. Anderson, conveying her life estate, recites a consideration of $600, and the deed from the guardian, conveying the remainder interest, recites a consideration of $1,700; that the notes are each for $27.25, the first of them maturing one year, the second two years and the third three years after date; that the cash payment recited in

v 81-13

the bond is $27.25, and that the bond contains no description of that portion of the general tract which was sold by Richards to McMekin and which Richards is to convey to McMekin, according to the terms of the bond, when the notes shall be paid. The injunction was appled for in December, 1887, within less than two months after the papers above referred to bear date.

If the purpose of this proceeding be to obtain an authoritative construction of the deed from Ellington to Mrs. Anderson and the children of Anderson, these children, who it appears are still minors, ought to be made parties. They are vitally interested in the question. All we rule at present is that, taking in the whole field of judicial vision, there was no abuse of discretion in denying the injunction.

Judgment affirmed.